| | |
|---|---|
| KELLY JONES and JASON JONES, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>METROPOLITAN NASHVILLE AIRPORT )<br>AUTHORITY and WILLIAM GREEN, )<br>)<br>Defendants. ) | Case No.: |

# COMPLAINT

Plaintiffs hereby allege the following:

## I. JURISDICTION, VENUE AND LEGAL BASIS FOR THIS ACTION

1. This civil action against the United States of America arises under the Federal Tort Claims Act ("FTCA") Sections 2671 through 2680 of Title 28 of the United States Code ("U.S.C."). The FTCA, 28 U.S.C.§ 1346(b)(1), provides that federal courts "shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on or after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

1A. This Court has jurisdiction over the Plaintiffs' claims against the Defendants Metropolitan Nashville Airport Authority("MNAA") and William Green based upon diversity of citizenship, 28 U.S. Code § 1332. Plaintiffs are citizens of the State of Kentucky and William Green and the Metropolitan Nashville Airport Authority are "citizens" of the State of Tennessee. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

1B. In addition, because the Plaintiffs' claims against Green and MNAA derive from a common nucleus of operative facts, the Court has supplemental jurisdiction over the Plaintiffs' claims

against MNAA pursuant to 28 U.S.C. § 1367. The Court should exercise its discretion to confer supplemental jurisdiction over all claims: 1) as a matter of judicial economy to avoid the time and expense associated with two separate trials of issues that could be resolved in a single proceeding before this Court, and 2) to eliminate the possibility of inconsistent verdicts/judgments associated with two separate trials of the same claims.

2. Venue is proper in this federal judicial district pursuant to 28 U.S.C. § 1391 since "a substantial part of the events or omissions giving rise to the claim[s]" occurred in Nashville, Tennessee.

3. This civil action is brought by Plaintiffs pursuant to federal statutes, Tennessee statutes and ordinances of the Metropolitan Government of Nashville, Tennessee, and the common law of the State of Tennessee.

## II. THE PARTIES

4. Plaintiff, Kelly Jones, and her husband, Jason Jones, are citizens and residents of Benton, Kentucky.

5. Defendant William Green is a citizen of Tennessee.

6. Defendant United States of America ("United States") is sued herein for monetary damages based upon the acts and/or omissions of its "employees," as that term is defined under 28 U.S.C. § 2671. The United States Department of Homeland Security ("DHS") is a component federal agency of the United States. The Transportation Security Administration ("TSA") is a subagency of the DHS. The TSA, among other things, is responsible for the screening of passengers and their baggage at all commercial airports in the United States and its' territories. TSA owes a duty of care to members of the general public.

7. Defendant Metropolitan Nashville Airport Authority ("MNAA") is a political subdivision of the State of Tennessee and is recognized as a governmental entity under the Government Tort Liability Act, Tenn. Code Ann. § 29-20-102. Defendant MNAA's principle

place of business is 1 Terminal Drive, Suite 501, Nashville, Tennessee 37214-4100 and it can be served through its registered agent of process, Theodore G. Morrissey, 1 Terminal Drive, Suite 501, Nashville, Tennessee 37214-4100.

8. Defendant MNAA is responsible for the operation and management of the Nashville International Airport, employs officers to protect and serve the patrons of the Nashville International Airport, and is subject to suit based on its own negligence and the negligence of its officers. MNAA's police officers work in cooperation with various local, state, and federal agencies, including the TSA.

### III. FACTUAL BACKGROUND

9. On March 28, 2022, Plaintiff Kelly Jones arrived at Nashville International Airport to board a flight to JFK International Airport in New York City. Ms. Jones is a schoolteacher who was accompanying a group of her students on a school sponsored trip. Before boarding her plane, Ms. Jones walked by airport K-9 officer Defendant William Green who was holding a leashed dog, K-9 "Kim". Although K-9 Kim was leashed and Defendant Green held the leash, Defendant Green allowed K-9 Kim to lunge forward and bite Plaintiff Kelly Jones on her left forearm causing extensive injuries.

10. On the date of the accident, Defendant Green and other officers believed to be employees or agents of MNAA prepared reports of the accident on forms believed to be forms of MNAA.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Following injuries sustained March 28, 2022, Ms. Jones submitted a FTCA claim to TSA on October 13, 2022 and December 9, 2022.

12. By email of December 14, 2022, the TSA acknowledged receipt of Plaintiff Kelly Jones FTCA claim and further advised that "[i]f the claim is denied, or is not resolved within 6 months after the date presented" she could "file suit on the claim in an appropriate U.S. District

3

Case 3:23-cv-00184    Document 1    Filed 03/01/23    Page 3 of 6 PageID #: 3

Court."

13. To date, TSA has neither resolved nor denied Plaintiff's FTCA claim.

14. Before filing this lawsuit, a TSA representative advised Plaintiffs' counsel as follows:

> The canine involved in the incident was owned by TSA at that time. However, William Green, the canine's handler at the time of the incident, was not a TSA employee. As indicated in the incident report by the Nashville Airport Department of Public Safety, Mr. Green was an officer with that department, which would make him an employee of the Metropolitan Nashville Airport Authority (MNAA), but you may wish to confirm this with MNAA.

15. Before filing this lawsuit, a MNAA representative advised Plaintiffs' counsel as follows:

> The facts developed as a result of our investigation indicate that our insured [MNAA] was not legally responsible.
> Per our investigation, we have concluded that our insured [MNAA] has no ownership or control of TSA K-9s on the airport premises. As such, we respectfully deny liability on behalf of our insured.

## V. CAUSES OF ACTION

16. Plaintiffs incorporate by reference the allegations found in paragraphs 1 through 15 set forth above.

17. Defendants owed Plaintiff Kelly Jones a duty of care to render security services, including the utilization of security animals, handling/leashing of security animals, in a reasonable and safe manner. Defendants breached their duties of care towards Plaintiffs by:

failing to provide Defendant Green with a properly trained security dog,

failing to properly control the security dog, and

entrusting a security dog to an individual who could not control it at all times.

18. Defendants' actions and omissions constitute negligence under the common law of the State of Tennessee. The Defendants' acts constitute negligence per se as Defendants' conduct violated T. C. A. § 44-8-408 and § 8.04 of The Code of The Metropolitan Government of Nashville and Davidson County, Tennessee.

19. Defendants TSA, MNAA and Green are jointly and severally liable to Plaintiffs. At the time of the accident the Defendants acted collectively in concerted action for a common purpose, For that reason, the Defendants are jointly and severally liable to Plaintiffs.

20. In the alternative, at the time of the accident, Defendant Green was acting in the scope of his employment as an employee or agent of TSA. For that reason, Defendant TSA is liable for Green's acts and omissions.

21. In the alternative, at the time of the accident, Defendant Green was acting in the scope of his employment as an employee or agent of MNAA. For that reason, Defendant MNAA is liable for Green's acts and omissions.

22. In the alternative, if Green was not acting in the scope of his employment as an employee or agent of either TSA or MNAA, Green is liable, individually, to Plaintiffs for his acts and omissions.

23. In the alternative, if Green was not acting in the scope of his employment as an employee or agent of either TSA or MNAA, the Defendants are liable to Plaintiffs for their respective percentages of comparative fault.

## VII. DAMAGES

24. As a result of Defendants' negligence Plaintiff Kelly Jones suffered significant physical pain, mental anguish and inconvenience. Plaintiff Kelly Jones has incurred medical expenses, lost wages, will retain permanent disfigurement and scarring and will require future medical expenses. Plaintiff Kelly Jones will undergo pain and suffering in the future.

25. As a result of Defendant's negligence Plaintiff Jason Jones has lost consortium of his wife Kelly Jones.

26. As a result of Defendant's negligence, Plaintiffs seek damages in an amount to be proven at trial but not less than two hundred thousand dollars ($200,000.00).

## VI. RELIEF REQUESTED

27. Wherefore, based on the foregoing, Plaintiffs seek the following relief in this matter:

a. Monetary damages in an amount of two hundred thousand dollars ($200,000.00); and

b. Plaintiffs' costs in this action and interest on any judgment as permitted by law.

    */s/ William B. Jakes, III*
**WILLIAM B. JAKES, III, #10247**
**HOWELL & FISHER, PLLC**
3310 West End Avenue, Suite 550
Nashville, TN 37203-1089
(615) 921-5208
bjakes@howell-fisher.com
*Attorney for Plaintiffs*