IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KELLY JONES and <br> JASON JONES, <br>     Plaintiffs, <br> v. <br> UNITED STATES OF AMERICA, <br> METROPOLITAN NASHVILLE <br> AIRPORT AUTHORITY, and <br> WILLIAM GREEN, <br>     Defendants. | ) <br> ) <br> )   Case No. 3:23-cv-00184 <br> ) <br> )   Judge Trauger <br> ) <br> )   JURY DEMAND <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**METROPOLITAN NASHVILLE AIRPORT AUTHORITY'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Metropolitan Nashville Airport Authority ("MNAA") submits its Answer and Affirmative Defenses to Plaintiffs' Complaint in this matter:

**I. JURISDICTION, VENUE, AND LEGAL BASIS FOR THIS ACTION.**

1. This civil action against the United States of America arises under the Federal Tort Claims Act ("FTCA") Sections 2671 through 2680 of Title 28 of the United States Code ("U.S.C."). The FTCA, 28 U.S.C. § 1346(b)(1), provides that federal courts "shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on or after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

**MNAA's Response:** Paragraph 1 is directed toward a separate defendant, and therefore, no response is required. Insofar as a response is required, MNAA is without sufficient knowledge to admit or deny the allegations in ¶ 1, and therefore, denies the same.

1A. This Court has jurisdiction over the Plaintiffs' claims against the Defendants Metropolitan Nashville Airport Authority("MNAA") and William Green based upon diversity of citizenship, 28 U.S. Code § 1332. Plaintiffs are citizens of the State of Kentucky and William Green and the Metropolitan Nashville Airport Authority are "citizens" of the State of Tennessee. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**MNAA's Response:** Responding to the first and second sentences of ¶ 1A, MNAA admits that it and Green are "citizens" of the State of Tennessee for jurisdictional purposes, but is without sufficient knowledge to admit or deny allegations regarding Plaintiffs' citizenship, and therefore, denies the same. Responding to the third sentence of ¶ 1A, MNAA admits that Plaintiffs claim damages exceeding $75,000.00.

1B. In addition, because the Plaintiffs' claims against Green and MNAA derive from a common nucleus of operative facts, the Court has supplemental jurisdiction over the Plaintiffs' claims against MNAA pursuant to 28 U.S.C. § 1367. The Court should exercise its discretion to confer supplemental jurisdiction over all claims: 1) as a matter of judicial economy to avoid the time and expense associated with two separate trials of issues that could be resolved in a single proceeding before this Court, and 2) to eliminate the possibility of inconsistent verdicts/judgments associated with two separate trials of the same claims.

**MNAA's Response:** MNAA denies that the Court has supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367. Additionally, Plaintiffs have already initiated state court proceedings against MNAA.

2. Venue is proper in this federal judicial district pursuant to 28 U.S.C. § 1391 since "a substantial part of the events or omissions giving rise to the claim[s]" occurred in Nashville, Tennessee.

**MNAA's Response:** MNAA admits that venue is proper in this Court.

3. This civil action is brought by Plaintiffs pursuant to federal statutes, Tennessee statutes and ordinances of the Metropolitan Government of Nashville, Tennessee, and the common law of the State of Tennessee.

**MNAA's Response:** MNAA is without sufficient knowledge to admit or deny the allegations in ¶ 3, and therefore, denies the same.

## II. THE PARTIES.

4. Plaintiff, Kelly Jones, and her husband, Jason Jones, are citizens and residents of Benton, Kentucky.

**MNAA's Response:** MNAA is without sufficient knowledge to admit or deny the allegations in ¶ 4, and therefore, denies the same.

5. Defendant William Green is a citizen of Tennessee.

**MNAA's Response:** MNAA admits the allegations in ¶ 5.

6. Defendant United States of America ("United States") is sued herein for monetary damages based upon the acts and/or omissions of its "employees," as that term is defined under 28 U.S.C. § 2671. The United States Department of Homeland Security ("DHS") is a component federal agency of the United States. The Transportation Security Administration ("TSA") is a subagency of the DHS. The TSA, among other things, is

responsible for the screening of passengers and their baggage at all commercial airports in the United States and its' territories. TSA owes a duty of care to members of the general public.

**MNAA's Response:** Paragraph ¶ 6 is directed toward a separate defendant, and therefore, no response is required. Insofar as a response is required, MNAA is without sufficient knowledge to admit or deny the allegations in ¶ 6, and therefore, denies the same.

7. Defendant Metropolitan Nashville Airport Authority ("MNAA") is a political subdivision of the State of Tennessee and is recognized as a governmental entity under the Government Tort Liability Act, Tenn. Code Ann. § 29-20-102. Defendant MNAA's principle place of business is 1 Terminal Drive, Suite 501, Nashville, Tennessee 37214-4100 and it can be served through its registered agent of process, Theodore G. Morrissey, 1 Terminal Drive, Suite 501, Nashville, Tennessee 37214-4100.

**MNAA's Response:** Responding to the first sentence ¶ 7 of the Complaint, MNAA states that it is a public and governmental body under the Tennessee Governmental Tort Liability Act ("GTLA"), acting as an agency and instrumentality of the Metropolitan Government of Nashville and Davidson County, Tennessee. Responding to the second sentence of ¶ 7, MNAA admits the allegations therein.

8. Defendant MNAA is responsible for the operation and management of the Nashville International Airport, employs officers to protect and serve the patrons of the Nashville International Airport, and is subject to suit based on its own negligence and the negligence of its officers. MNAA's police officers work in cooperation with various local, state, and federal agencies, including the TSA.

**MNAA's Response:** Responding to the first sentence of ¶ 8, MNAA admits being responsible for the operation and management of the Nashville International Airport and employing officers, but states that MNAA is only subject to suit for negligence as permitted by the GTLA. Responding to the second sentence of ¶ 8, MNAA admits the assertions therein.

### III. FACTUAL BACKGROUND.

9. On March 28, 2022, Plaintiff Kelly Jones arrived at Nashville International Airport to board a flight to JFK International Airport in New York City. Ms. Jones is a schoolteacher who was accompanying a group of her students on a school sponsored trip. Before boarding her plane, Ms. Jones walked by airport K-9 officer Defendant William Green who was holding a leashed dog, K-9 "Kim". Although K-9 Kim was leashed and Defendant Green held the leash, Defendant Green allowed K-9 Kim to lunge forward and bite Plaintiff Kelly Jones on her left forearm causing extensive injuries.

**MNAA's Response:** Responding to the first three sentences of ¶ 9 of the Complaint, MNAA is without sufficient knowledge to admit or deny the allegations therein, and therefore, denies the same. Responding to the last sentence of ¶ 9, MNAA denies the allegations therein.

10. On the date of the accident, Defendant Green and other officers believed to be employees or agents of MNAA prepared reports of the accident on forms believed to be forms of MNAA.

**MNAA's Response:** MNAA admits the allegations in ¶ 10.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES.

11. Following injuries sustained March 28, 2022, Ms. Jones submitted a FTCA claim to TSA on October 13, 2022 and December 9, 2022.

**MNAA's Response:** Paragraph ¶ 11 is directed toward a separate defendant, and therefore, no response is required. Insofar as a response is required, MNAA is without sufficient knowledge to admit or deny the allegations in ¶ 11, and therefore, denies the same.

12. By email of December 14, 2022, the TSA acknowledged receipt of Plaintiff Kelly Jones FTCA claim and further advised that "[i]f the claim is denied, or is not resolved within 6 months after the date presented" she could "file suit on the claim in an appropriate U.S. District Court."

**MNAA's Response:** Paragraph ¶ 12 is directed toward a separate defendant, and therefore, no response is required. Insofar as a response is required, MNAA is without sufficient knowledge to admit or deny the allegations in ¶ 12, and therefore, denies the same.

13. To date, TSA has neither resolved nor denied Plaintiff's FTCA claim.

**MNAA's Response:** Paragraph ¶ 13 is directed toward a separate defendant, and therefore, no response is required. Insofar as a response is required, MNAA is without sufficient knowledge to admit or deny the allegations in ¶ 13, and therefore, denies the same.

14. Before filing this lawsuit, a TSA representative advised Plaintiffs' counsel as follows:

> The canine involved in the incident was owned by TSA at that time. However, William Green, the canine's handler at the time of the incident, was not a TSA employee. As indicated in the incident report by the Nashville Airport Department of Public Safety, Mr. Green was an officer with that department, which would make him an employee of the Metropolitan Nashville Airport Authority (MNAA), but you may wish to confirm this with MNAA.

**MNAA's Response:** MNAA is without sufficient knowledge to admit or deny the allegations in ¶ 14, and therefore, denies the same.

15. Before filing this lawsuit, a MNAA representative advised Plaintiffs' counsel as follows:

> The facts developed as a result of our investigation indicate that our insured [MNAA] was not legally responsible.
>
> Per our investigation, we have concluded that our insured [MNAA] has no ownership or control of TSA K-9s on the airport premises. As such, we respectfully deny liability on behalf of our insured.

**MNAA's Response:** MNAA admits that the foregoing was communicated to Plaintiff's counsel by MNAA's insurer.

## V. CAUSES OF ACTION.

16. Plaintiffs incorporate by reference the allegations found in paragraphs 1 through 15 set forth above.

**MNAA's Response:** All proceeding statements in response to Plaintiffs' Complaint are incorporated and realleged as if expressly set forth herein.

17. Defendants owed Plaintiff Kelly Jones a duty of care to render security services, including the utilization of security animals, handling/leashing of security animals, in a reasonable and safe manner. Defendants breached their duties of care towards Plaintiffs by:

> failing to provide Defendant Green with a properly trained security dog,
>
> failing to properly control the security dog, and
>
> entrusting a security dog to an individual who could not control it at all times

**MNAA's Response:** Paragraph 17 calls for a legal conclusion, which MNAA is not required to provide. Insofar as an answer is required, MNAA denies the allegations therein.

18. Defendants' actions and omissions constitute negligence under the common law of the State of Tennessee. The Defendants' acts constitute negligence per se as Defendants' conduct violated T. C. A. § 44-8-408 and § 8.04 of The Code of The Metropolitan Government of Nashville and Davidson County, Tennessee.

**MNAA's Response:** Paragraph 18 calls for a legal conclusion, which MNAA is not required to provide. Insofar as an answer is required, MNAA denies the allegations therein.

19. Defendants TSA, MNAA and Green are jointly and severally liable to Plaintiffs. At the time of the accident the Defendants acted collectively in concerted action for a common purpose, For that reason, the Defendants are jointly and severally liable to Plaintiffs.

**MNAA's Response:** Paragraph 19 calls for a legal conclusion, which MNAA is not required to provide. Insofar as an answer is required, MNAA denies the allegations therein.

20. In the alternative, at the time of the accident, Defendant Green was acting in the scope of his employment as an employee or agent of TSA. For that reason, Defendant TSA is liable for Green's acts and omissions.

**MNAA's Response:** Paragraph 20 calls for a legal conclusion, which MNAA is not required to provide. Insofar as an answer is required, MNAA denies the allegations therein.

21. In the alternative, at the time of the accident, Defendant Green was acting in the scope of his employment as an employee or agent of MNAA. For that reason, Defendant MNAA is liable for Green's acts and omissions.

**MNAA's Response:** MNAA admits that Defendant Green was acting in the scope of his employment as an employee or agent of MNAA at the time of the accident alleged in the

Complaint. However, MNAA denies any act or omission, through Green or otherwise, giving rise to liability in this case.

22. In the alternative, if Green was not acting in the scope of his employment as an employee or agent of either TSA or MNAA, Green is liable, individually, to Plaintiffs for his acts and omissions.

**MNAA's Response:** Paragraph 22 calls for a legal conclusion, which MNAA is not required to provide. Insofar as an answer is required, MNAA denies the allegations therein.

23. In the alternative, if Green was not acting in the scope of his employment as an employee or agent of either TSA or MNAA, the Defendants are liable to Plaintiffs for their respective percentages of comparative fault.

**MNAA's Response:** Paragraph 23 calls for a legal conclusion, which MNAA is not required to provide. Insofar as an answer is required, MNAA denies that Green was acting outside the scope of his employment for MNAA and denies any act or omission, through Green or otherwise, giving rise to liability in this case.

VI. **DAMAGES.**

24. As a result of Defendants' negligence Plaintiff Kelly Jones suffered significant physical pain, mental anguish and inconvenience. Plaintiff Kelly Jones has incurred medical expenses, lost wages, will retain permanent disfigurement and scarring and will require future medical expenses. Plaintiff Kelly Jones will undergo pain and suffering in the future.

**MNAA's Response:** MNAA and denies any act or omission giving rise to liability in this case. Regarding Plaintiffs' alleged damages, MNAA is without sufficient knowledge to admit or deny the allegations in ¶ 24, and therefore, denies the same.

25. As a result of Defendant's negligence Plaintiff Jason Jones has lost consortium of his wife Kelly Jones.

**MNAA's Response:** Paragraph 25 calls for a legal conclusion, which MNAA is not required to provide. Insofar as an answer is required, MNAA denies the allegations therein.

26. As a result of Defendant's negligence, Plaintiffs seek damages in an amount to be proven at trial but not less than two hundred thousand dollars ($200,000.00).

**MNAA's Response:** MNAA admits that Plaintiffs seek damages in excess of $200,000.00, but denies any act or omission giving rise to liability in this case.

## GENERAL DENIAL

Any allegation not specifically admitted in this Answer is hereby denied and strict proof is demanded thereof.

## AFFIRMATIVE DEFENSES

1. Plaintiffs are not entitled to any relief and this matter should be dismissed for failure to state a claim upon which relief can be granted.

2. No act or omission of MNAA or its employees was the proximate cause of any damages claimed by Plaintiffs.

3. MNAA relies on the doctrine of modified comparative fault. All the events and happenings, injuries, and damages, if any, were proximately caused by Defendant United States of America. Therefore, any award made in favor of Plaintiff must be reduced by an amount equal to the percentage of the fault of Defendant United States of America in causing or contributing to the damages alleged in the Complaint.

4. All the events and happenings, injuries, and damages, if any, were proximately caused by the Plaintiffs. Therefore, Plaintiffs are not entitled to recover from MNAA because, by comparison, their negligence is greater than MNAA's. Furthermore, and alternatively,

any award made in favor of Plaintiffs must be reduced by an amount equal to the percentage of their fault in causing or contributing to the damages alleged in the Amended Complaint.

5. Any cause of action brought against MNAA in tort must be brought within the parameters of the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. §§ 29-20-101 *et seq.*, including immunity provisions contained therein. Additionally, the limitations of liability set forth in the GTLA are applicable.

6. Plaintiffs failed to mitigate their damages, and thus, their recovery, if any, should be reduced accordingly.

7. MNAA reserves the right to add additional defenses that may become applicable while discovery proceeds.

## PRAYER FOR RELIEF

Wherefore, having answered the Complaint, MNAA prays that:

1. The Complaint be dismissed with prejudice;

2. Plaintiffs be responsible for all costs of this action, including discretionary costs; and

3. MNAA have such other and further relief to which it may prove entitled.

Respectfully submitted,

_____
Kevin C. Klein (#23301)
Matthew JP Horton II (#38724)
KLEIN SOLOMON MILLS, PLLC
1322 4th Avenue North
Nashville, Tennessee 37208
(615) 600-4780
kevin.klein@kleinpllc.com
jp.horton@kleinpllc.com

*Counsel for Metropolitan Nashville Airport Authority and William Green*

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing **ANSWER** on the Court's CM/ECF system on this 31st day of March, 2023, which forwarded a copy to:

William B. Jakes III
Howell & Fisher, PLLC
3310 West End Ave., Suite 550
Nashville, TN 37203
bjakes@howell-fisher.com

_____
Kevin C. Klein