IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KELLY JONES and JASON JONES, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 3:23-cv-00184 |
| UNITED STATES OF AMERICA et al., | ) Judge Aleta A. Trauger ) ) |
| Defendants. | ) |

## MEMORANDUM

Before the court is the Motion to Dismiss (Doc. No. 33) filed by defendant the United States of America ("United States"), which asserts that the court lacks jurisdiction over the claims asserted against it in the First Amended Complaint ("FAC") (Doc. No. 20) filed by plaintiffs Kelly Jones and Jason Jones. For the reasons set forth herein, the court will construe the motion as invoking Rule 12(b)(6) of the Federal Rules of Civil Procedure, rather than Rule 12(b)(1), and will grant the motion.

I.     FACTUAL AND PROCEDURAL BACKGROUND

The plaintiffs allege that, on March 28, 2022, plaintiff Kelly Jones, a schoolteacher accompanying students on a trip to New York City, was at the Nashville International Airport to board a flight. She was attacked and bitten by a leashed dog ("K-9 Kim") under the control of William Green, whom the plaintiffs believe to have been either an officer with the Nashville Airport Department of Public Safety and, as such, an employee of the Metropolitan Nashville Airport Authority ("MNAA"), or an employee of the Transportation Security Administration ("TSA"), a subagency of the United States Department of Homeland Security ("DHS"), a federal agency. (Doc. No. 20 ¶¶ 6, 9, 14, 15.)

On the date of the accident, Green and other MNAA employees "prepared reports of the accident on forms believed to be forms of MNAA." (*Id.* ¶ 10.) In addition, Ms. Jones submitted an FTCA claim form to TSA on October 13, 2022 and December 9, 2022. (*Id.* ¶ 11.) By email dated December 14, 2022, TSA acknowledged receipt of Ms. Jones' FTCA claim and advised her: "If the claim is denied, or is not resolved within 6 months after presentment, [she could] file suit on the claim in an appropriate US District Court." (*Id.* ¶ 12; *see also* Doc. No. 19-1, at 2.) This email, supplied by the United States in support of its Motion to Dismiss, expressly states that Ms. Jones' claim was "presented on December 9, 2022." (Doc. No. 19-1, at 2.)

The plaintiffs filed the original Complaint initiating this action on March 1, 2023, naming as defendants the United States, MNAA, and William Green and asserting claims based on Green's negligence in handling K-9 Kim. (Doc. No. 1.) They purport to bring claims against the United States under the FTCA. Their claims against MNAA and Green are premised on state law, over which the plaintiffs assert that the court has both diversity jurisdiction (since the plaintiffs are citizens and residents of Kentucky) and supplemental jurisdiction. In the original Complaint, the plaintiffs expressly state that, as of the date of filing the Complaint, TSA "has neither resolved nor denied Plaintiffs' FTCA claim." (*Id.* ¶ 13.)

On March 31, 2023, MNAA filed an Answer in which it denied liability but admitted that Green was "acting in the scope of his employment as an employee or agent of MNAA at the time of the accident alleged in the Complaint." (Doc. No. 14 ¶ 21.) Green filed a Motion to Dismiss, likewise affirming that he was an "MNAA Police Officer" employed by MNAA and that, because the claims against him allege that he was acting within the scope of his employment when K-9 Kim bit Ms. Jones, and because MNAA admitted in its Answer that Green was acting within the scope of his employment at the time of the accident, Green is immune from suit under the

Tennessee Governmental Tort Liability Act ("TGTLA"), and the claims against him are properly brought against MNAA under the TGTLA. (Doc. No. 16.) Shortly thereafter, the parties stipulated to the dismissal of the claims against Green, without prejudice. (Doc. No. 35.)

Meanwhile, the United States also filed a Motion to Dismiss the original Complaint for lack of jurisdiction, based on the plaintiffs' failure to exhaust claims as required by the FTCA. In support of its motion, the United States pointed out that it was clear from the face of the Complaint that less than six months had passed between the presentment of Ms. Jones' claims to the TSA and the filing of the Complaint, and the Complaint actually alleges that TSA, as of the date of filing, had "neither resolved nor denied Plaintiffs' FTCA claim." (Doc. No. 1 ¶ 13.) The United States also argued that the Complaint does not allege that Jason Jones ever filed an administrative claim on his own behalf, such that his claims were also subject to dismissal.

In response, the plaintiffs promptly filed their Amended Complaint, which varies in only two material respects from the original. First, it expressly states that the plaintiffs do not bring suit against the United States under the FTCA on behalf of Jason Jones, because "[l]ess than 6 months ha[s] passed since Plaintiff Jason Jones' claim was presented." (Doc. No. 20 ¶ 13.) It also states: "To date, TSA has neither resolved nor denied Plaintiff Kelly Jones' FTCA claim and 6 months have passed since the claim was presented." (*Id.*)

The United States' first Motion to Dismiss the original Complaint was denied as moot (Doc. No. 24), but it filed the present Motion to Dismiss the Amended Complaint, arguing that the court lacks jurisdiction over Ms. Jones' FTCA claim, because she failed to exhaust administrative remedies before filing the original Complaint, and filing an amended pleading after waiting the requisite six months does not serve to cure that defect. (Doc. No. 34.)

The plaintiffs' Response acknowledges that the original Complaint was filed prematurely and that the "general rule" is that a "prematurely filed FTCA action cannot proceed." (Doc. No. 36, at 3, 5.) They argue, however, that the Ninth Circuit created a "narrow exception" to this rule in *Valadez-Lopez v. Chertoff*, 656 F.3d 851 (9th Cir. 2011), which, according to the plaintiffs here, allowed the plaintiff in that case to amend the complaint to add properly exhausted FTCA claims. They ask the court to likewise adopt an exception that would allow them to amend their pleading and to pursue their claim against the United States in a consolidated suit against all defendants.

## II. DISCUSSION

The FTCA states, in relevant part:

> An action *shall not be instituted* upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been *finally denied by the agency in writing* and sent by certified or registered mail. *The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.*

28 U.S.C. § 2675(a) (emphasis added).

Based on the plaintiffs' having filed suit on March 1, 2023, less than six months after the presentment of the case on either October 13, 2022 (as the plaintiffs allege) or December 9, 2022 (Doc. No. 20 ¶ 11), the United States asserts that it is clear that the plaintiffs did not fully exhaust Ms. Jones' claim before filing suit. It moves for dismissal of the claim against it under Rule 12(b)(1), for lack of subject matter jurisdiction. (Doc. No. 34, at 4, 6.) It argues that "an action against the United States may not be brought unless the claimant has first exhausted his administrative remedies" and that "it is not sufficient to prematurely file an action and await a final denial or passage of the requisite six months." (*Id.* at 4, 5 (citing *McNeil v. United States*, 508 U.S. 106, 111–13 (1993)).)

As an initial matter, the court finds that the administrative exhaustion requirement under the FTCA is not a jurisdictional prerequisite providing a basis for dismissal under Rule 12(b)(1); it is instead a claims-processing rule, with which a failure to comply may provide a basis for dismissal under Rule 12(b)(6). In *Copen v. United States*, 3 F.4th 875, 882 (6th Cir. 2021), the Sixth Circuit, departing with long-held precedent, held, in light of the Supreme Court's decision in *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), that the sum certain requirement in 28 U.S.C. § 2675(b) is not jurisdictional, but rather, a mandatory claims-processing rule. *Id.* at 880–82. The court remanded the case for consideration of "any arguments the parties may have under Fed. R. Civ. P. 12(b)(6) rather than 12(b)(1)." *Id.* at 884.

In the wake of *Copen*, the Sixth Circuit has held in two unpublished decisions that the administrative exhaustion requirement in 28 U.S.C. § 2675(a) is likewise not jurisdictional, but rather a claims-processing rule. First, in *Kellom v. Quinn*, Nos. 20-1003/1222, 2021 WL 4026789 (6th Cir. Sept. 3, 2021), the court explained:

> In *Copen*, we followed the Supreme Court's instruction to look for a clear statement by Congress before treating a statutory requirement as a jurisdictional rule. The FTCA's dollar-amount requirement does not explicitly limit our jurisdiction. So we held that failure to satisfy it does not deprive us of jurisdiction.
>
> The same is true here. The FTCA's provision requiring plaintiffs to first file an administrative claim does not say anything about a court's jurisdiction. So consistent with *Copen*, failure to satisfy that requirement does not deprive a court of jurisdiction.

*Id.* at *3 (citing *Copen*, 3 F.4th at 880–81, 882). The court in *Kellom* remanded the case to the district court to consider whether the government had waived or forfeited the exhaustion requirement by waiting to raise it in a summary judgment motion. *Id.* A year after *Kellom*, the Sixth Circuit again reiterated that the "presentment requirement is not jurisdictional; instead, it is a mandatory claims-processing rule." *Greene v. United States*, No. 21-5398, 2022 WL 13638916,

at *4 (6th Cir. Sept. 13, 2022) (citing *Kellom*, 2021 WL 4026789, at *3; *Copen*, 3 F.4th at 880–82).

District courts have applied this Sixth Circuit precedent to reach the same conclusion. *See, e.g.*, *N.B. by Bray v. Bon Secours Mercy Health, Inc.*, No. 1:20-CV-699, 2023 WL 2655603, at *5 (S.D. Ohio Mar. 27, 2023) (construing the defendant's Rule 12(b)(1) motion under Rule 12(b)(6), based on *Kellom*); *Baskin v. United States*, No. 1:22-CV-00124, 2022 WL 19558028, at *4 (N.D. Ohio Nov. 3, 2022) ("[I]n following the Sixth Circuit's reasoning in *Copen*, and subsequent applications in *Kellom* and *Greene*, the Court will consider Defendant's arguments under Rule 12(b)(6), rather than Rule 12(b)(1)."); *Robinson v. Memphis Health Ctr., Inc.*, No. 2:21-cv-02450-TLP-atc, 2022 WL 287931, at *3 (W.D. Tenn. Jan. 31, 2022) ("Based on recent Sixth Circuit precedent, the FTCA's claim-processing rules are mandatory although not jurisdictional." (citing *Copen*, 3 F.4th at 880–82; *Kellom*, 2021 WL 4026789, at *2–3)); *see also W.T. v. United States*, No. 5:21-CV-178-CHB, 2022 WL 3093737, at *5 (E.D. Ky. Aug. 3, 2022) (finding the government's jurisdictional argument premature as it failed to discuss either *Copen* or *Kellom*, cases that, "at a minimum, undercut the United States' present lack of jurisdiction argument").[1]

This court recognizes that, while the Sixth Circuit's unpublished decisions are not binding, "their reasoning may be 'instructive' or helpful." *Crump v. Lafler*, 657 F.3d 393, 405 (6th Cir. 2011) (quoting *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 593 (6th Cir. 2004)). As the courts above recognized, such non-binding authority, at a minimum, supports a conclusion that the administrative exhaustion requirement is not jurisdictional, but rather a claims-processing rule,

---

[1] *But see Reed v. United States*, No. 3:18-CV-201, 2022 WL 2132509, at *2 (E.D. Tenn. May 31, 2022) (finding *Kellom*, because it is unpublished, to be non-binding authority and to carry "no precedential weight," and therefore finding that it was bound by long-standing Sixth Circuit precedent to deem the FTCA exhaustion requirement to be jurisdictional).

and that failure to comply with it may make a complaint subject to dismissal under Federal Rule of Civil Procedure 12(b)(6), rather than Rule 12(b)(1). Accordingly, based on the Sixth Circuit's construction of *Arbaugh* in *Copen* and its extension of the *Copen* holding in *Kellom* and *Greene*, the court finds that, to the extent the United States moves to dismiss the plaintiffs' claims under Rule 12(b)(1), the motion must be denied.

However, the court will exercise its authority to construe the motion as a mislabeled motion under Rule 12(b)(6). *Accord, e.g.*, *Knight v. Idea Buyer, LLC*, 723 F. App'x 300, 302 (6th Cir. 2018) ("A motion to dismiss pursuant to an arbitration agreement should therefore be construed as a Rule 12(b)(6) motion even if it is mislabeled as a Rule 12(b)(1) motion."); *N.B. by Bray*, 2023 WL 2655603, at *5 ("In the interest of judicial economy, this Court will treat the United States' Rule 12(b)(1) motion to dismiss as a mislabeled motion that should have been brought under Rule 12(b)(6).").

In ruling on a motion to dismiss under Rule 12(b)(6), the court must generally "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In this case, the face of the original Complaint, filed on March 1, 2023, makes it clear that the plaintiffs filed suit less than six months after presentment of Ms. Jones' claim to the TSA. The

plaintiffs' FAC, which alleges that, as of the date of that filing, more than six months after presentment, the TSA had not responded, is not sufficient to cure the initial failure to exhaust. The Supreme Court has already considered and rejected this precise argument. In *McNeil v. United States*, 508 U.S. 106, 1071 (1993), the question before the Court was whether an FTCA action "may be maintained when the claimant failed to exhaust his administrative remedies prior to filing suit, but did so before substantial progress was made in the litigation." The answer to the question was "no," based on the unambiguously worded text of the statute, which "command[s]" that an "action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . ." *Id.* at 11 (quoting 28 U.S.C. § 2675(a)). The Court further found that the

> most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

*Id.* at 112 (internal footnote omitted).

The plaintiffs' argument that this court should adopt the "narrow exception" recognized by the Ninth Circuit in *Valadez-Lopez v. Chertoff* to deny the Motion to Dismiss is without merit, largely because that court did not adopt the exception the plaintiff seeks in this case. In *Valadez-Lopez*, the initial complaint did not state a claim under the FTCA and did not name the United States as a defendant. Instead, the plaintiff brought suit against several local and federal officials under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), and "separately filed administrative tort claims with the appropriate federal agencies, pursuant to the FTCA's exhaustion requirement." *Valadez-Lopez*, 656 F.3d at 854. He waited six months and, not having

received any response to his administrative claims from the federal agencies, considered his claims to have been denied. He then amended his complaint to name the United States as a defendant and assert liability under the FTCA. Precisely because the original Complaint did not state a claim under the FTCA or name the United States as a defendant, the Ninth Circuit found that this procedure constituted proper exhaustion under § 2675(a). *See Valadez-Lopez*, 656 F.3d at ("[T]he plain text of the FTCA's 'clear statutory command' in 28 U.S.C. § 2675(a) establishes that Valadez-Lopez properly exhausted his administrative remedies under the Act.").

The same is not true here, where the plaintiff both stated a claim under the FTCA and named the United States as a defendant in the original Complaint, without waiting the requisite six months after presentment of her tort claim to the TSA. The exhaustion requirement is mandatory, meaning that "a court must enforce the rule if a party 'properly raise[s]' it." *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1849 (2019) (quoting *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (per curiam)). "[A]n objection based on a mandatory claim-processing rule may be forfeited 'if the party asserting the rule waits too long to raise the point,'" *id.* (quoting *Eberhart*, 546 U.S. at 15), but that is not the situation here, where the United States has raised it as a defense in dismissal motions targeting both the original and amended pleadings.

In short, the court finds that the United States' Motion to Dismiss for failure to exhaust must be granted under Rule 12(b)(6). That said, the dismissal will be without prejudice to the plaintiffs' ability to refile their complaint against the United States.[2]

---

[2] It is entirely unclear whether the plaintiffs have a need to continue to pursue their claims against the United States, in light of MNAA's admission that it employed Green, whose negligence allegedly led to the plaintiffs' injuries.

## III. CONCLUSION

For the reasons set forth herein, the court will grant the United States' Motion to Dismiss, construed as a Rule 12(b)(6) motion, and will dismiss the claims against the United States without prejudice.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge